**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HCF OF BRADFORD, INC., et al.,** : | **CIVIL ACTION NO. 1:05-CV-0505** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **HON. ESTELLE B. RICHMAN,** : | |
| **Secretary of the Pennsylvania** : | |
| **Department of Public Welfare,** : | |
| : | |
| **Defendant** : | |

**MEMORANDUM**

Presently before the court is a motion in which defendant, the Secretary of the Pennsylvania Department of Public Welfare ("DPW"), seeks to quash subpoenas served or to be served upon David Feinberg, Patricia Brady, Andrew Major, and Peg Derkers, current and former high-level officials of DPW.  Plaintiffs, several long-term care nursing facilities operating in Pennsylvania (collectively "HCF"), intend to call these officials as witnesses at a preliminary injunction hearing, scheduled for April 28, 2005, on HCF's request to enjoin DPW from publishing proposed or final reimbursement rates for providers of services to Medicaid beneficiaries.  (Docs. 2, 26, 37-42).

Oral argument on the motion was held earlier today.  Based on these discussions, and a review of the record, the court concludes that the subpoenaed individuals have no probative testimony to offer.  They will not be required to appear at the hearing.

The federal statutory provision under which HCF claims relief, 42 U.S.C. § 1396a(a)(13)(A), requires that states participating in Medicaid "provide . . . a public process for determination of rates . . . under which . . . providers . . . are given a reasonable opportunity for review and comment on the proposed rates, methodologies, and justifications." Id.  DPW presents its methodologies for Medicaid rate determinations through a series of regulations, which provide that rates will be determined on the basis of "acceptable" cost reports submitted by providers and audited by DPW within one year of their "acceptance." See 55 PA. CODE §§ 1187.71, 1187.73, 1187.77(d), 1187.91(1)(iv)(A), 1187.96.  Only cost reports that are audited by March 31 of a given year will be included in a database used to calculate rates for the upcoming year, starting on July 1.  See id.

The heart of HCF's claim is that the regulations do not explain the process for "acceptance" of an otherwise "acceptable" cost report.  The regulations arguably suggest that all "acceptable" cost reports submitted by March 31 of a given year will be included in the rate determination process for the upcoming year.  See id.  However, several employees of DPW will purportedly testify that the agency does not follow this published methodology.  Instead, it assesses cost reports after they are submitted and, if deemed "acceptable" under five enumerated factors, assigns the reports an "acceptance" date.  This date—not the date of filing of the "acceptable" report—is the one on which the one-year audit requirement starts.  See id.

The subpoenaed individuals will not provide additional explanation of the agency "acceptance" practice or describe the means by which the agency publishes its methodology.  Nor do they have personal knowledge of the particular circumstances surrounding HCF's filing of cost reports.  Rather, they will testify to "the nature and extent of policies that Justify [DPW's] Methodology for accepting of cost reports." (Doc. 40 at 2-3).

This testimony is irrelevant.  The issue under 42 U.S.C. § 1396a(a)(13)(A) is not whether the agency offers a justification for its *methodology*, but whether it offers a justification for its *rates*.  Id.  The statute does not require that the agency explain or justify the policy supporting each step in the rate-determination process.[1]  It mandates only that the agency disclose the mechanics of the rate-determination process (the methodology underlying the rates) and the data used in that process (the justification for the rates).  See id.; see also Evergreen Presbyterian Ministries Inc. v. Hood, 235 F.3d 908, 920-24 (5th Cir. 2000).  Whether the process was based on a rational policy is simply irrelevant to whether the process was adequately disclosed, the sole issue under 42 U.S.C. § 1396a(a)(13)(A). See Evergreen, 235 F.3d at 920-24; see also Children's Seashore House v. Waldman, 197 F.3d 654, 659-60 (3d Cir. 1999); 28 C.F.R. §§ 430.10, 447.205, 447.252(b), 447.253(h).

---

[1] Cf. H.R. Rep. No. 105-149, at 1230 (1997) ("It is the Committee's intention that, following the enactment of [amendments to 42 U.S.C. § 1396a(a)(13)(A)], neither this nor any other provision of [this section] will be interpreted as establishing a cause of action for hospitals and nursing facilities relative to the adequacy of the rates they receive.").

This issue can be fully explored through examination of other agency employees, with primary responsibility for the review of cost reports.  These employees have extensive personal knowledge of the agency's "acceptance" practice, as well as the overall rate-determination process, and counsel for defendant has represented that they will be produced to testify at the preliminary injunction hearing.  Their availability obviates any need to call the subpoenaed individuals as witnesses.

The subpoenaed individuals have no non-cumulative, relevant testimony to offer.  They will not be called as witnesses at the hearing and will not be required to obey the subpoenas.  See FED. R. EVID. 402, 403, 1101 (providing for exclusion of irrelevant and cumulative evidence); see also FED. R. CIV. P. 45©)(1) (requiring court to ensure that "a person subject to [a] subpoena" is not subjected to "undue burden or expense").[2]

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        April 26, 2005

---

[2] In light of the independent obligation on the court to protect subpoenaed witnesses from "undue burden," it is unnecessary to resolve whether defendant technically has standing to move to quash the subpoenas at issue.  See FED. R. CIV. P. 4 cmt. C45-22 ("If the subpoenaed person is a nonparty . . . [t]he nonparty must ordinarily [make the motion to quash], whether pro se or with a lawyer.").

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HCF OF BRADFORD, INC., et al.,** | : | **CIVIL ACTION NO. 1:05-CV-0505** |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| **HON. ESTELLE B. RICHMAN,** Secretary of the Pennsylvania Department of Public Welfare, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 26th day of April, 2005, upon consideration of defendant's motion to quash (Doc. 37) subpoenas issued or to be issued to David Feinberg, Patricia Brady, Andrew Major, and Peg Derkers, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 37) is GRANTED as follows:

1. David Feinberg, Patricia Brady, Andrew Major, and Peg Derkers shall not be called to testify at the preliminary injunction hearing in the above-captioned case scheduled to commence on April 28, 2005.

2. David Feinberg, Patricia Brady, Andrew Major, and Peg Derkers shall not be required to obey subpoenas commanding them to appear and testify at the preliminary injunction hearing in the above-captioned case scheduled to commence on April 28, 2005.

3. Counsel for defendant shall forward copies of this order to David Feinberg, Patricia Brady, Andrew Major, and Peg Derkers as soon as practicable.

                                            S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge