# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HCF OF BRADFORD, INC., et al.,** | : | **CIVIL ACTION NO. 1:05-CV-0505** |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : | |
| v. | : | |
| **HON. ESTELLE B. RICHMAN,** Secretary of the Pennsylvania Department of Public Welfare, | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court is a motion for preliminary injunctive relief by plaintiffs, several long-term care nursing facilities operating in Pennsylvania (collectively "HCF"). HCF seeks a preliminary injunction enjoining defendant, the Secretary of the Pennsylvania Department of Public Welfare ("DPW"), from publishing final reimbursement rates for providers of services to Medicaid beneficiaries until the agency complies with disclosure requirements under federal law. The dispositive issue for resolution is whether an agency notice of proposed rates published on March 26, 2005, see 35 Pa. Bull. 1939 (Mar. 26, 2005), adequately explains the methodology and justifications underlying the rates.[1]

A hearing on the motion for a preliminary injunction was held yesterday. In addition to the notice at issue, the parties introduced testimony from agency

---

[1] This was acknowledged by counsel during a hearing on the motion for a preliminary injunction.

employees regarding the process by which DPW accepts and audits cost reports submitted by providers for inclusion in a database used to calculate reimbursement rates.  Based on this evidence, it is clear that HCF does not enjoy a likelihood of success on its claims.  The motion will be denied.

The federal statutory provision under which HCF claims relief, 42 U.S.C. § 1396a(a)(13)(A), mandates that states participating in Medicaid "provide . . . a public process for determination of rates . . . under which . . . providers . . . are given a reasonable opportunity for review and comment on . . . proposed rates, methodologies, and justifications."  Subsection (a)(13)(A) is, "[b]roadly speaking," a notice-and-comment provision in the style of the Administrative Procedures Act, 5 U.S.C. § 553.  Long Term Care Pharmacy Alliance v. Ferguson, 362 F.3d 50, 54 (1st Cir. 2004).  It requires agencies such as DPW to publish a notice of proposed rates in a public forum, such as a "[s]tate register similar to the [Federal Register]," explaining the methods and justifications for its proposals.  See 42 C.F.R. § 447.205; see also Long Term, 362 F.3d at 54; Evergreen Presbyterian Ministries Inc. v. Hood, 235 F.3d 908, 920-24 (5th Cir. 2000).  The notice must offer enough information to allow interested parties to review the underlying process and data and must be published sufficiently in advance of final implementation of the rates to permit parties to submit comments for agency consideration.  See id.; see also Children's Seashore House v. Waldman, 197 F.3d 654, 659-60 (3d Cir. 1999); 42 C.F.R. § 447.205.

The notice published by DPW on March 26, 2005, satisfies these statutory requirements.  It was published in the Pennsylvania Bulletin, the state version of

2

the Federal Register,[2] and provides thirty days for review and comment.  See 35 Pa. Bull. at 1939-40.  It describes the basic methodology used to determine rates and the underlying cost database.  Id.  Regulations cited in the notice explain in significant detail the precise computations followed by the agency.  See 55 PA. CODE § 1187.96 (citing 55 PA. CODE § 1187.91), cited in 35 Pa. Bull. at 1939.  With the information presented in the notice, an interested party can assess the methodology and justifications for the proposed rates, and make an intelligent decision on whether to submit comments to the agency.  See Evergreen, 235 F.3d at 920-24.

The methodology published in the notice is the methodology followed by the agency.  The regulations cited in the notice state that rates will be determined based on "audited . . . cost reports [received from providers] that are issued by [DPW] on or before March 31 of each July 1 [rate-]setting period."  55 PA. CODE § 1187.91(1)(iv)(A).  Testimony at the hearing established that the agency follows this methodology consistently.  It receives and audits cost reports, and includes audited reports issued prior to March 31 in the cost database for the upcoming year.  This database is used to compute the rates for the upcoming fiscal period.

The complaints levied by HCF, relating to DPW's acceptance and auditing process for cost reports submitted by providers, are simply irrelevant to the adequacy of the published notice or the agency's compliance with the published methodology.  Neither the notice nor the regulations cited therein refer to the

---

[2] See 45 PA. CONS. STAT. § 724; see also 42 C.F.R. § 1187.95(a)(4).

agency's procedures for formally accepting and auditing a cost report. See 55 PA. CODE § 1187.96 (citing 55 PA. CODE § 1187.91); 35 Pa. Bull. at 1939.  While other regulatory provisions and official publications detail agency practice and timetables with respect to acceptance and audits,[3] the notice itself does not prescribe a particular methodology on these subjects.  See id.  A violation of the standards set forth in these other sources has no impact on the agency's compliance with the methodology set forth in the notice.

Nor can HCF validly argue that the notice *must* describe DPW's "acceptance" or "audit" methodology to satisfy federal law.  Compliance with the notice provisions of § 1396a(a)(13)(A) does not require disclosure of each and every procedure employed in compiling information and calculating rates; rather, the agency must offer only enough information to allow interested parties to understand the overall rate-determination process.  Evergreen, 235 F.3d at 920-24.  The acceptance and auditing policies followed by DPW are not essential to understanding the agency's rate-determination process.  Regardless of these policies, or their application in a particular case, the proposed rates will be calculated in the same manner and based on the same data:  audited reports issued by DPW on or before March 31 of a given year.  See 55 PA. CODE § 1187.96 (citing 55 PA. CODE § 1187.91), cited in 35 Pa. Bull. at 1939.  A reader of the notice and the cited

---

[3] These publications, which are exhaustive in their level of detail, were introduced by DPW during the evidentiary hearing.  See also 55 PA. CODE §§ 1187.71(e), 1187.77(d).

regulations is fully informed that any reports not audited and issued by DPW prior to that date are excluded from the rate determination process. Nothing more is required from the agency notice under § 1396a(a)(13)(A). See Evergreen, 235 F.3d at 920-24; see also Children's Seashore, 197 F.3d at 659-60.

The alleged violations identified by HCF are of state regulations, not federal law, and its relief lies in the state adjudicative process, not federal court.[4] Moreover, the availability of these state remedies demonstrates that HCF faces no threat of "irreparable harm" from publication of the final rates. See Instant Air Freight v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). None of the factors relevant to injunctive relief have been satisfied,[5] and the motion for a preliminary injunction will be denied.

An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:   April 29, 2005

---

[4] See 55 PA. CODE § 1187.141(a) (providing for nursing facilities' right of appeal from DPW's rate determination); see also 67 PA. CONS. STAT. § 1102(a).

[5] See BP Chems., Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 263 (3d Cir. 2000).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HCF OF BRADFORD, INC., et al.,** | : | **CIVIL ACTION NO. 1:05-CV-0505** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **HON. ESTELLE B. RICHMAN,** | : | |
| **Secretary of the Pennsylvania** | : | |
| **Department of Public Welfare,** | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 29th day of April, 2005, upon consideration of plaintiff's motion for preliminary injunction (Doc. 2), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 2) is DENIED.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge